JOHN A. WILLIAMS, ET AL. v. LIZZIE ROSE, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—517.]

Abandonment of Homestead.

One who has a homestead in Kentucky but leases the place for two years and goes to another state and with his family keeps house there and goes into business abandons his right to claim a homestead in Kentucky, and his statement that he intends to return to Kentucky will not be sufficient to defeat a creditor seeking to subject the Kentucky homestead to his claims.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

January 13, 1885.

OPINION BY JUDGE PRYOR:

That Lizzie Voris and her second husband, Rose, occupied the property in controversy as a homestead while in Kentucky is not controverted and are entitled to hold it as against the claim of the appellant as it was not created until 1878, unless they have abandoned it by their removal to the state of Texas. It is the life estate of the wife that is sought to be subjected to the payment of appellant's debt, she having contracted it, while a feme sole. In 1881 in the month of September, Rose, the second husband, and his wife with their family removed to Texas and leased out this property until 1883, and Rose says he left with the intention of returning to the property, never having abandoned his residence in Kentucky or intending to do so.

He left Kentucky and went to Dallas, Texas, where he commenced housekeeping on rented premises and was, at the time this suit was instituted or the depositions taken, engaged in the business of a merchant selling dry goods and ready-made clothing. He says that his absence was temporary and he intended to return when his lease expired in 1883. The proof is that he is doing a large business in Texas, wholesale and retail, and seeks to be protected in the homestead right of his wife in Kentucky. That he would be entitled to the benefit of the homestead law in Texas we are well satisfied, but if not, a removal of the character stated by Rose himself should be held an abandonment of his homestead. To hold that one could

remove from the state, engage in extensive business such as the sale of goods by wholesale and retail, his family with him, and that a declaration of his intention to come back in two or more years entitled him to a homestead in Kentucky or authorized the chancellor to say that he is a bona fide housekeeper with a family and entitled to the exemption would be such a liberal construction of the statute as would afford the debtor every opportunity to avoid the payment of his honest debts by a declaration of a purpose to return whenever his property is sought to be subjected.   The facts of this case refute the idea of this intention to return on the part of the appellee, and if not this court will not hold that the debtor can leave the state with his family, engage in business for years in another state and claim his homestead here.

Judgment *reversed* and cause remanded with directions to subject the property to the payment of the debt.

Judge Holt not sitting.

*Henry L. Stone, Wm. H. Winn, for appellants.*

*W. H. Holt, C. Brock, for appellee.*

[Cited, *Caldwell v. Seivers,* 85 Ky. 40, 8 Ky. L. 636, 2 S. W. 651.]